**XEBEC, LLC, Plaintiff—Appellant,**

v.

**INDUSTRIAL DEVELOPMENTS INTERNATIONAL INC.,**
**Defendant—Appellee.**

No. 01–55730.

D.C. No. CV–00–00153–DOC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided July 23, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Xebec, LLC appeals the district court's grant of summary judgment in favor of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Industrial Developments International, Inc. in Xebec's action for specific performance of a contract to purchase industrial real estate. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts and procedural history of the case, we will not detail them here except as necessary. We review a district court's grant of summary judgment de novo, determining whether there are any genuine issues of material fact and whether the district court correctly applied the relevant California substantive law. *F.D.I.C. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir.1992).

The district court held that the undisputed facts and the correspondence between the parties established that no binding contract had been formed. Xebec, however, contends that when its chairman signed the bottom of IDI's November 26, 1997 letter, agreeing and accepting IDI's "outline of essential terms and conditions," a contract was formed. Xebec maintains that at the very least, a fact question exists as to whether the parties intended to enter into a binding contract.

We agree with the district judge that the letters indisputably reflect only an agreement to agree, not a binding contract. By their express terms, the letters purport to set forth the terms and conditions to be included in a purchase agreement the parties might ultimately reach. Because the lack of contract formation is apparent on the face of the letters, there is no factual question presented requiring the consideration of parol evidence. *Harris v. Rudin, Richman & Appel,* 74 Cal. App.4th 299, 87 Cal.Rptr.2d 822, 828 (1999) (holding that when there is an objective manifestation of intent that an agreement is not valid until a future formal writing is executed, there is no binding contract until the subsequent agreement is made).

AFFIRMED.